IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

----------------------------------------------------------------- x
ROGER DOERING and ALAN POLING,
on their own behalf and on
behalf of all other persons similarly situated,

                    Plaintiffs,                    Case No.

      - against -

                                        **CLASS ACTION COMPLAINT**
                                        **AND JURY DEMAND**

MARK LINE INDUSTRIES, LLC,
MARK LINE INDUSTRIES OF PENNSYLVANIA, LLC
and MOSAIC CAPITAL GROUP, LLC
                    Defendants.
----------------------------------------------------------------- x

## CLASS ACTION COMPLAINT AND JURY DEMAND

      Roger Doering and Alan Poling ("Plaintiffs") on behalf of themselves and a class of those

similarly situated, by way of Complaint against Mark Line Industries, LLC, Mark Line Industries

of Pennsylvania, LLC and Mosaic Capital Group, LLC ("Defendants") by and through their

counsel allege as follows:

## NATURE OF THE ACTION

      1.      This is a class action for the recovery, by Plaintiffs and other similarly situated

employees of the Defendants, of damages in the amount of 60 days' pay and ERISA benefits by

reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and

Retraining Notification Act, 29 U.S.C. § 2101 et seq. (The "WARN Act"). Although the Plaintiffs

and the other similarly situated employees were nominally employees of Mark Line Industries, LLC, and Mark Line Industries of Pennsylvania, LLC, pursuant to the WARN Act's single employer rule, they were also employees of Defendant Mosaic Capital Group, LLC ("Mosaic"). Plaintiffs and other similarly situated employees of the Defendants, were terminated as part of, or as a result of plant closings, as defined by the WARN Act (hereinafter, "Plant Closings"), ordered by the Defendants on or about March 1 through May 26, 2017. Pursuant to the WARN Act, the Defendants constituted a "single employer". As such, the Defendants violated the WARN Act by failing to give the Plaintiffs and other similarly situated employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act. As a consequence, the Plaintiffs and other similarly situated employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

## JURISDICTION AND VENUE

2.       This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3.       Violations of the WARN Act alleged herein occurred in Bristol, Indiana and venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## PARTIES

4.       Upon information and belief, at all relevant times Defendant Mark Line Industries, LLC ("Mark Line Indiana") was an Indiana corporation, with a facility located at 51687 County Road 133 Bristol, Indiana 46507.

5.       Upon information and belief, at all relevant times Defendant Mark Line Industries

of Pennsylvania, LLC ("Mark Line Pennsylvania", and collectively with Mark Line Indiana "Mark Line") was a Pennsylvania corporation located at 502 Alexander Drive Epharta, PA 17522

6.     Upon information and belief, at all relevant times Defendant Mosaic was a Florida corporation with its principal place of business at 121 South Orange Avenue Suite 1527 Orlando, FL.

7.     Upon information and belief, at all relevant times Defendants, as a single employer, maintained a facility at 51687 County Road 133 Bristol, Indiana 46507 (the "Indiana Facility").

8.     Upon information and belief, at all relevant times Defendants, as a single employer, maintained a facility at 502 Alexander Drive Epharta, PA 17522 (the "Pennsylvania Facility" and collectively with the Indiana Facility, "the Facilities").

9.     Plaintiff Roger Doering was nominally employed by Mark Line Indiana and, pursuant to the WARN Act, by Mossaic, as a single employer, and worked at the Indiana Facility until his termination on or about May 22, 2017.

10.     Plaintiff Alan Poling was nominally employed by Mark Line Indiana and pursuant to the WARN Act, by Mosaic, as a single employer, and worked at the Indiana Facility until his termination on or about May 22, 2017.

11.     Until their termination by Defendants, the Plaintiffs and other similarly situated persons were employees of Defendants who worked at or reported to the Facilities and who were terminated as part of or as a reasonably foreseeable result of Plant Closings ordered and carried out by the Defendants on or about March 1 through May 26, 2017 and thereafter.

12.     Upon information and belief, Defendants as a single employer owned and

operated the Facilities until on or about May 26, 2017.

      11.    On or about March 1 through May 26, 2017, Defendants, as a single employer, ordered the termination of the Plaintiffs' employment together with the termination of all other employees who worked at or reported to the Facilities as part of plant closings as defined by the WARN Act for which they were entitled to receive 60 days advance written notice under the WARN Act.

      12.    Upon information and belief, at or about the time that the Plaintiffs were discharged on or about March 1 through May 26, 2017, Defendants discharged approximately 74 other employees at the Indiana Facility (the "Indiana Similarly Situated Former Employees") without cause on their part.

      13.    Upon information and belief, at or about the time that the Plaintiffs were discharged on or about March 1 through May 26, 2017, Defendants discharged approximately 65 other employees at the Pennsylvania Facility (the "Pennsylvania Similarly Situated Former Employees" and collectively with the Indiana Similarly Situated Employees, "the Other Similarly Situated Employees")

      14.    On information and belief, Defendants constituted a "single employer" of the Plaintiffs and the other Class members under the WARN Act in that among other things:

      (a)    In or about 2015, Mosaic purchased Mark Line Indiana and Mark Line Pennsylvania as part of their portfolio companies.

      (b)    On information and belief, Mosaic had a one hundred percent interest in both Mark Line Indiana and Mark Line Pennsylvania.

      (c)    The Defendants all shared common ownership;

(d)    Upon information and belief, each of the Defendants shared common officers and directors. Specifically,

i. the Managing Director and Principal of Mosaic, Joseph Blockno, referred to himself as a "partner" at Mark Line.

ii. Chris Remke, President and CEO of Mosaic, was also the President of Mark Line.

(e)    On information and belief, Mark Line did not maintain a Board of Directors and instead was entirely controlled by Mosaic.

(f)    On information and belief, Mark Line maintained personnel policies which were put into place by Mosaic;

(g)    On information and belief, Mosaic, at all times maintained de-facto control over the operations and hiring policies of Mark Line;

(h)    On information and belief, Mark Line was owned, operated and controlled by Mosaic. For example, in November 2015, all of the negotiations with Linus Holding, a real estate developer, for the purchase of modular building products from Mark Line were conducted solely by the Managing Principal of Mosaic, Joseph Blockno. All emails sent from Joseph Blockno during those negotiations, were signed and sent in Blockno's capacity as "Managing Principal" of Mosaic.

(i)    On information and belief, in or about December 2016, Mosaic appointed Jerry Bregitzer, an employee of Mosaic, as the new General Manager at Mark Line.

(j)     On information and belief, on or about April 24, 2017 Rick Fuqua, General Administrative officer of Mosaic, notified the employees of the Indiana Facility of their furlough.

(k)     On information and belief, Defendants exercised complete control over the labor decisions concerning Plaintiffs and the Class Members' employment, including the decision to shut down the Indiana Facility and the Pennsylvania Facility and terminate their employment on or about March 1, 2017 through May 26, 2017.

(l)     On information and belief, negotiations in April 2017 regarding the lease of the Facilities were conducted by Mosaic.

(m)     On information and belief, Mosaic used Mark Line's $7 Million line of credit with the Bank in order to finance other Mosaic investments.

(n)     On information and belief, the decision to shut down the Facilities without providing proper WARN notice was made by the Defendants.

## CLASS ACTION ALLEGATIONS -29 U.S.C. § 2104 (a)(5)

15.     The Plaintiffs and each person they seek to represent herein, were discharged without cause on their part or as the reasonably foreseeable consequence of the Plant Closings ordered by Defendants at the Facilities on or about March 1, 2017 through May 26, 2017 and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

16.     The Plaintiffs bring this action on their own behalf and, pursuant to the WARN Act, and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other

- 6 -

similarly situated former employees of Defendants who were terminated in or about March 1, 2017 through May 26, 2017  who worked at one of the Facilities and who were terminated as part of or as the foreseeable result of Plant Closings at the Facilities ordered by the Defendants on or about March 1, 2017 through May 26, 2017and thereafter.

17.    On or about March 1, 2017 through May 26, 2017, Defendants terminated the Plaintiffs' employment as part of a Plant Closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were entitled to receive sixty (60) days advance written notice under the WARN Act.

18.    Defendants, as a single employer, failed to give Plaintiffs the statutorily required sixty (60) days advance written notice of the Plant Closings in violation of the WARN Act.

19.    Upon information and belief, at or about the time that the Plaintiffs were discharged on or about March 1, 2017 through May 26, 2017, Defendants discharged approximately 140 Other Similarly Situated Former Employees at the Facilities without cause on their part.

20.    Pursuant to the WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this claim on behalf of themselves and each of the Other Similarly Situated Former Employees.

21.    Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

22.    The Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendants without cause on their part.

23.    The Plaintiffs and the Other Similarly Situated Former Employees are "affected employees" within the meaning of the WARN Act 29 U.S.C. § 2101(a)(5).

24.     Defendants were required by the WARN Act to give the Plaintiffs and each of the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

25.     Prior to their termination, neither the Plaintiffs nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

26.     Defendants failed to pay the Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

### CLASS ACTION ALLEGATIONS PURSUANT TO RULES 23(A) AND (B)

27.     The Plaintiffs assert this claim on behalf of themselves and the Other Similarly Situated Former Employees pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

28.     The Plaintiffs and the Other Similarly Situated Former Employees constitute a class within the meaning Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

29.     Common questions of law and fact are applicable to all members of the Class.

30.     The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were

employees of Defendants who, prior to the terminations, worked at the Facilities; Defendants, as a single employer, terminated the employment of all the members of the Class without cause on their part and without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

31.     The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

32.     The Plaintiffs' claims are typical of the claims of other members of the Class in that, for each of the several acts described above, the Plaintiffs and the Class are, or were, an injured party.

33.     The Plaintiffs will fairly and adequately protect and represent the interests of the Class.

34.     The Plaintiffs have the time and resources to prosecute this action and has retained counsel who have extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

35.     The Class is so numerous as to render joinder of all members impracticable as there are approximately 140 persons who are included in the Class.

36.     The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

37.     The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38.     Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

39.     On information and belief, the identity of the Class members is contained in the books and records of Defendants.

40.     On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

41.     On information and belief, the rate of pay and benefits that was being paid by Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendants.

42.     As a result of Defendants' violation of the WARN Act, the Plaintiffs and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) calendar days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) calendar days after the dates of their respective terminations; and (c) medical expenses incurred

during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## THE CLAIM FOR RELIEF

43.    At all relevant times, the Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

44.    At all relevant times, each Defendant was an "employer", as that term is defined in 29 U.S.C. § 2101(a)(1), 20 C.F.R. § 639(a) and continued to operate as a business until it ordered a plant closing and terminations at the Facilities.

45.    The Defendants constituted a "single employer" of the Plaintiffs and Class members under the WARN Act.

46.    On or about March 1, 2017 through May 26, 2017 the Defendants as a single employer ordered Plant Closings at the Facilities.

47.    The Plant Closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty (50) of Defendants' employees at each of the Facilities as well as 33% of Defendants' workforce at each of the Facilities, excluding "part-time employees," as that term is defined by the WARN Act, 29 U.S.C. §2101(a)(8).

48.    The Plaintiffs and each of the other members of the Class were discharged by Defendants without cause on their part, as part of or as the reasonably foreseeable result of the Plant Closings ordered by Defendants at the Facilities.

49.    The Plaintiffs and each of the other members of the Class are "affected employees" of Defendants within the meaning of 29 U.S.C. §2101(a)(5).

50.     The Defendants were required by the WARN Act to give the Plaintiffs and each of the other members of the Class at least 60 days advance written notice of their termination.

51.     The Defendants failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

52.     Each Plaintiff, and each of the other members of the Class are, an "aggrieved employee" of the Defendants as that term is defined in 29 U.S.C. §2104 (a)(7).

53.     The Defendants failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

WHEREFORE, the Plaintiffs and Class members demand judgment, against the Defendants as follows:

        a.   An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act;

        b.   Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiffs and the Class Members

constitute a single class;

c.  Interest as allowed by law on the amounts owed under the preceding

paragraphs;

d.  Appointment of the undersigned attorneys as Class Counsel;

e.  Appointment of Plaintiffs as the Class Representatives and payment of

reasonable compensation for their services as such;

f.  The reasonable attorneys' fees and the costs and disbursements the

Plaintiffs incur in prosecuting this action, as authorized by the WARN

Act, 29 U.S.C. §2104(a)(6);

g.  Such other and further relief as this Court may deem just and proper;

h.  Plaintiffs demand trial by jury.


Dated: May 26, 2017

Bristol, IN

                                    Respectfully submitted,


                                    /s/  William R. Groth_____
                                    William R. Groth

                                    /s/  Geoffrey S. Lohman_____
                                    Geoffrey S. Lohman

                                    FILLENWARTH DENNERLINE
                                          GROTH & TOWE, LLP
                                    429 E. Vermont St., Suite 200
                                    Indianapolis, IN  46202
                                    Telephone (317) 353-9363
                                    Fax (317) 351-7232
                                    E-mail:  wgroth@fdgtlaborlaw.com
                                             glohman@fdgtlaborlaw.com

**LANKENAU & MILLER, LLP**
Stuart J. Miller, Esq. (SJM 4276)
132 Nassau Street, Suite 1100
New York, New York 10038
Telephone: (212) 581-5005
Facsimile: (212) 581-2122
sjm@lankmill.com

**THE GARDNER FIRM, P.C.**
Mary E. Olsen, Esq. (OLSEM4818)
M. Vance McCrary, Esq.
(MCCRM4402)
210 S. Washington Avenue
Mobile, AL 36602
Telephone: (251) 433-8100
Facsimile:  (251) 433-8181
molsen@thegardnerfirm.com

Cooperating Attorneys for the NLG Maurice
and Jane Sugar Law Center for Economic and
Social Justice
*Attorneys for Plaintiffs and the Putative Class*